**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT ILLINOIS, WESTERN DIVISION**

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE SANDWICH FAIR ASSOCIATION, INC., an Illinois corporation, EDWARD OLDAKER, and BRIAN FALTZ,<br><br>Defendants. | No. 1:19-cv-5120 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), files this Complaint for Declaratory Judgment against the Defendants, THE SANDWICH FAIR ASSOCIATION, INC. ("Sandwich Fair"), EDWARD OLDAKER ("Oldaker"), and BRIAN FALTZ ("Faltz"), and in support, states:

**GENERAL ALLEGATIONS**

**NATURE OF ACTION**

1. This is an action for declaratory relief under the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*) and Rule 57 of the Federal Rules of Civil Procedure, to establish the absence of coverage and, consequently, no duty to defend or indemnify, Sandwich Fair, under a commercial general liability insurance policy for an underlying lawsuit against Sandwich Fair and others for alleged bodily injuries sustained by Oldaker, an employee or volunteer assistant at a mud run event at the Sandwich Fair's property on September 22, 2018.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is based upon 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of attorney's fees, interest, and costs.

3. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in the Complaint for Declaratory Judgment took place in this District, or DeKalb County, Illinois.

## THE PARTIES

4. Plaintiff Atain is, and at all times relevant hereto was, a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan. Atain is a surplus lines insurance company under 215 ILCS 5/445, *et seq*. and issued a commercial general liability policy to Faltz.

5. Defendant Sandwich Fair is, and at all times relevant hereto was, a corporation organized under the laws of the State of Illinois with its principal place of business in DeKalb County, Illinois.

6. Defendant Oldaker is, and at all times relevant hereto was, an individual citizen of the State of Illinois.

7. Defendant Faltz is, and at all times relevant hereto was, an individual citizen of the State of Illinois. Faltz is named as a defendant only because he is the Named Insured on the Atain Policy and may have an interest in this action.

## THE UNDERLYING ACTION

8. On April 23, 2019, Oldaker filed a lawsuit against Sandwich Fair, among others, in the Circuit Court of DeKalb County, Illinois, as Case No. 2019L 000022, seeking damages for bodily injuries he allegedly sustained while working as a volunteer assistant at an off-road vehicle mud race, referred to as the "Dirty Grape Off Road Competition Mud Drags" (hereinafter "the *Oldaker* Lawsuit" or "the *Oldaker* Complaint"). (A copy of the *Oldaker* Complaint is attached hereto and made a part hereof as **Exhibit "A"**).

9. It is alleged in the *Oldaker* Lawsuit that on September 22, 2018, Sandwich Fair sponsored an event called the "2nd ANNUAL DIRTY GRAPE MUD RUN" (hereinafter "Mud Run event") on Sandwich Fair's premises located at 1401 Suydam Road, Sandwich, Illinois. (Ex. A, Count I, ¶2; Count II, ¶2).

10. It is also alleged in the *Oldaker* Lawsuit that on September 22, 2018, that Oldaker was in the exercise of ordinary care for his own safety as a business invitee, spectator, and volunteer assistant while at the Mud Run event when he was struck by a 1997 Black Chevy S-10 truck operated by registered participant Brittany Mae Thom ("Thom"), and owned by Jon Terry Blakenhorn ("Blakenhorn") resulting in bodily injuries. (Ex. A, Count I, ¶¶3-7, 10-11; Exhibit II, ¶¶3-5, 9-11).

11. It is further alleged in the *Oldaker* Lawsuit that Oldaker's injuries were caused by certain careless and negligent acts by Sandwich Fair. (Ex. A, Count I, ¶9; Count II, ¶8).

12. According to the police investigation of the subject incident, a copy of which is attached hereto and made a part hereof as **Exhibit "B,"** Oldaker was standing in the event area at the time he was struck by the vehicle. Specifically, Oldaker was noted to be standing beyond the end of the protection of the cement barricade, and on the west side of the east side barricade, when he was struck by the vehicle. (Ex. B, pp. 5-6).

13. Further, Thom and Blankenhorn identified the vehicle as an assembled and modified 1997 Chevrolet S-10 "mud truck," with a "Big Block" Chevy race motor (565 CI), designed for off-road use only. The vehicle had 33 inch front tires and 38.5 inch rear tires with paddles. (Ex. B, pp. 4, 6).

**THE SANDWICH FAIR/FALTZ CONTRACT**

14. On or about September 22, 2018, Sandwich Fair and Faltz purportedly entered into a contract whereby Faltz rented the Sandwich Fair property for the Mud Run event (hereinafter "the Sandwich Fair/Faltz Contract"). (A copy of the unsigned and undated Sandwich Fair/Faltz Contract is attached hereto and made a part hereof as **Exhibit "C"**).

15. The Sandwich Fair/Faltz Contract contains the following provision regarding insurance:

> Group or renters must provide a certificate of liability insurance naming The Sandwich Fair Association, Inc. as additional insured for one million dollars. The certificate must be on file with The Sandwich Fair Association at least one (1) week prior to the event.
> (Ex. C, Facility Use Guidelines).

**THE ATAIN POLICY**

16. Atain issued its Policy No. CIP368057 to Faltz for the policy period of September 22, 2018 to September 23, 2018, with limits of liability of $1 million each occurrence and $2 million in the general aggregate (hereinafter "the Atain Policy"). (A copy of the Atain Policy is attached hereto and made a part hereof as **Exhibit "D"**).

17. The Form of business on the Atain Policy is "Individual,", the Business Description is "Race Track," the Location of "all premises you own, rent or occupy" is "1401 Suydam Rd, Sandwich, IL 60548," and the insured Classification is "Race Tracks-Motorized Vehicles (Lessor's Risk Only) Including Products/Completed Operations."

18. The Atain Policy provides Commercial General Liability Coverage pursuant to Form No. CG 00 01 04 13, which contains the following relevant provisions:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.…

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period ….

**2. Exclusions**

This insurance does not apply to: ….

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity….

**SECTION V – DEFINITIONS**

**….**

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conducted of your business. "Leased worker" does not include a "temporary worker"….

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**b.** Vehicles maintained for use solely on or next to premises you own or rent;

**c.** Vehicles that travel on crawler treads;

**d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**e.** Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**f.** Vehicles not described in Paragraph **a.**, **b.**, **c.**, or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**(1)** Equipment designed primarily for:

**(a)** Snow removal;

**(b)** Road maintenance, but not construction or resurfacing; or

**(c)** Street cleaning;

**(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**(3)** Air compressors, pumps and generators including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos"….

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you….

19. The Atain Policy also includes Form No. CG 20 11 04 13, titled "Additional Insured – Managers or Lessors of Premises," (hereinafter "the Additional Insured Endorsement"), which provides, in relevant part, as follows:

**ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Designation Of Premises (Part Leased To You):**<br>1401 SUYDAM RD<br>SANDWICH, IL 60548 |
| **Name Of Person(s) Or Organization(s) (Additional Insured):**<br>SANDWICH FAIRGROUNDS<br>1401 SUYDAM DR<br>SANDWICH, IL 60548 |
| **Additional Premium:**<br>$.... |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alternations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured….

20. The Atain Policy further includes Form No. AF000839 (04/2016), titled "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers or Volunteers" (hereinafter the "Employer's Liability Exclusion"), which provides, in relevant part:

**EMPLOYEES, SUBCONTRACTORS, INDEPENDENT CONTRACTORS, TEMPORARY WORKERS, LEASED WORKERS OR VOLUNTEERS**

This endorsement modifies insurance provided under the following Coverage Forms:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**….

I. Exclusion **e.**, **Employer's Liability** in Part **2**, **Exclusions** of **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:

**e.** Employer's Liability

1. "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

2. Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity….

4. Contractual liability as defined in Section I – Exclusions, item 2b. of the Commercial General Liability Coverage Form CG 0001.

For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any "employees" of any insured, agents, representatives, volunteers, spouses, family members of any insured or any Additional Insureds added to this policy.…

For purposes of this endorsement, "Employee" is defined as follows: "Employee" includes a "leased worker".

This exclusion applies to all causes of action arising out of "bodily injury" to any "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" or any person performing work or services for any insured because of "bodily injury" including care and loss of services.

> When there is no coverage for any one insured under this endorsement, coverage is also excluded for any other insured (and SECTION IV.7.b. of Commercial General Liability Coverage Form CG0001 shall not apply)….

21. The Atain Policy further includes an endorsement titled, "Exclusion – Amusement Devices, Fireworks, Animals, Event Participants and Athletic Participants," Form No. AF 00 08 32 07/2014 (hereinafter "the Event Participants Exclusion"), which provides, in relevant part, as follows:

> **EXCLUSION – AMUSEMENT DEVICES, FIREWORKS, ANIMALS, EVENT PARTICIPANTS AND ATHLETIC PARTICIPANTS**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**….
>
> The following exclusions are added to Paragraph **2. Exclusions** of **SECTION I COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** and **COVERAGE C – MEDICAL PAYMENTS**:
>
> With respect to any operations, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", and medical payments to "any person" or "any property" arising out of ….
>
> 1. The practicing for or participation in any athletic or sports event, circus, concert, demonstration, event, exhibition, game motorized activity, parade, race, rode, show, stunting activity, or theatrical or musical performance covered by this policy;
>
> 2. To "any person", authorized or unauthorized, while in the activity area such as, but not limited, to, the area known as the pit, track, chute, corral or arena;
>
> 3. Arising out of the ownership, maintenance, use, "loading or unloading" of any "auto", watercraft or "mobile equipment" used in prearranged or organized racing, speed or demolition contest, any stunting activity or in practice or preparation for any such contest ….

> For the purposes of this endorsement, the following Definitions are added to the **DEFINITIONS** section:
>
> "Any person" includes, but not limited to, animal handlers, announcers, attendants, clowns, contestants, drivers, entertainers, judges, mechanics, musicians, officials, participants, passengers, pit attendants, referees, singers, speakers, stage crews, stewards, stock contractors, vendors or their employees, any person employed by or doing volunteer work for you or on your behalf, or any person involved in promotion, sponsoring or production….

22. The Atain Policy also includes Form No. AF 001 007 06/2017, titled "Combined Coverage and Exclusion Endorsement," (hereinafter "Other Insurance Provision"), which provides, in relevant part:

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

….

> This endorsement modifies insurance provided under the following coverage parts if those coverage parts are included in your policy:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**….
>
> **XII. AMENDMENT OF OTHER INSURANCE ENDORSEMENT**
>
> It is agreed that **Section IV – Commercial General Liability Conditions**, Paragraph 4. is replaced in its entirety with the following:
>
> This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to any insured. You are required to give notice of claim to all "potential insurers" within thirty days of giving notice of claim to us….
>
> "Potential insurers" means all insurance companies who may be obligated to defend any insured as either a named insured or an additional insured.…

## <u>COUNT I – SANDWICH FAIR IS NOT AN INSURED</u>

23. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 22 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 23.

24. Under the Additional Insured Endorsement, the additional insured schedule lists "Sandwich Fairgrounds" as the only additional insured.

25. The unsigned and undated Sandwich Fair/Faltz Contract requires renters to provide a certificate of liability insurance naming "The Sandwich Fair Association, Inc." as an additional insured.

26. "The Sandwich Fair Association, Inc." is the named defendant in the *Oldaker* Lawsuit and the entity that tendered its defense to Atain.

27. "The Sandwich Fair Association, Inc." is not scheduled anywhere on the Atain Policy as an additional insured.

28. "The Sandwich Fair Association, Inc." does not otherwise qualify as an insured pursuant to the terms of the Atain Policy.

29. Accordingly, Sandwich Fair, the named entity in the *Oldaker* Lawsuit, does not qualify as an additional insured, nor does it otherwise qualify as an insured, under the Atain Policy.

30. As such, Atain has no obligation to defend or indemnify Sandwich Fair for the *Oldaker* Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Sandwich Fair is not an insured under the Atain Policy;

(c) Find and declare that Atain has no obligation to defend or indemnify Sandwich Fair in connection with the *Oldaker* Lawsuit;

(d) Grant such other and further relief as it deems just and proper.

**COUNT II – NO COVERAGE**
**EMPLOYER'S LIABILITY EXCLUSION**

31. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 22 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 31.

32. Under the Atain Policy's Employer's Liability Exclusion, there is no coverage for bodily injury to any employee or voluntary worker of any insured.

33. Even if Sandwich Fair qualifies as an insured or additional insured under the Atain Policy, which Atain denies, Sandwich Fair is not entitled to coverage in connection with the *Oldaker* Lawsuit because Oldaker was acting as an employee or voluntary worker of the named insured, Faltz, at the time Oldaker was struck by the vehicle. Accordingly, coverage is precluded pursuant to the Employer's Liability Exclusion.

34. As such, Atain has no obligation to defend or indemnify Sandwich Fair for the *Oldaker* Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Sandwich Fair is not an insured under the Atain Policy;

(c) Find and declare that Atain has no obligation to defend or indemnify Sandwich Fair in connection with the *Oldaker* Lawsuit;

(d) Grant such other and further relief as it deems just and proper.

**COUNT III – NO COVERAGE**
**EVENT PARTICIPANTS EXCLUSION**

35. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 22 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 35.

36. Under the Atain Policy's Event Participants Exclusion, there is no coverage for bodily injury to any person arising out of the participation in any race or stunting activity covered by the Atain Policy; bodily injury to any person, authorized or unauthorized, while in the activity area such as the track or arena; or bodily injury arising out of the use of any "mobile equipment" used in prearranged or organized racing, speed or demolition contest, or stunting activity.

37. Even if Sandwich Fair qualifies as an insured or additional insured under the Atain Policy, which Atain denies, Sandwich Fair is not entitled to coverage in connection with the *Oldaker* Lawsuit because Oldaker's alleged bodily injuries arise from the participation in a race or stunting activity, Oldaker was in the event area standing beyond the end of the protection of the cement barricade at the time he was struck by the vehicle, and/or Oldaker's alleged bodily injuries arise out of the use of "mobile equipment" used in a prearranged or organized racing, speed, or stunting activity. Accordingly, coverage is precluded pursuant to the Event Participants Exclusion.

38. As such, Atain has no obligation to defend or indemnify Sandwich Fair for the *Oldaker* Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Sandwich Fair is not an insured under the Atain Policy;

(c) Find and declare that Atain has no obligation to defend or indemnify Sandwich Fair in connection with the *Oldaker* Lawsuit;

(d) Grant such other and further relief as it deems just and proper.

**COUNT IV – NO COVERAGE**
**MOBILE EQUIPMENT EXCLUSION**

39. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 22 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 39.

40. The vehicle that allegedly struck Oldaker causing his injuries qualifies as "mobile equipment" under the Atain Policy because it is a vehicle that is maintained primarily for purposes other than the transportation of persons or cargo.

41. Specifically, the vehicle was used solely for competing in off-road mud races, such as the Mud Run event.

42. The vehicle that allegedly struck Oldaker causing his injuries at the Mud Run event was further being used in a pre-arranged racing, speed, or stunting activity. Accordingly, even if Sandwich Fair qualifies as an insured or additional insured under the Atain Policy, which Atain denies, Sandwich Fair is not entitled to coverage in connection with the *Oldaker* Lawsuit because coverage is precluded pursuant to the Mobile Equipment Exclusion.

43. As such, Atain has no obligation to defend or indemnify Sandwich Fair for the *Oldaker* Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Sandwich Fair is not an insured under the Atain Policy;

(c) Find and declare that Atain has no obligation to defend or indemnify Sandwich Fair in connection with the *Oldaker* Lawsuit;

(d) Grant such other and further relief as it deems just and proper.

**COUNT V – OTHER POLICY TERMS LIMIT COVERAGE**

44. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 22 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 44.

45. To the extent that the Atain Policy is ever deemed to provide coverage to Sandwich Fair for the *Oldaker* Lawsuit, which Atain denies, one or more other Atain Policy provisions apply to limit or exclude coverage for the *Oldaker* Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Sandwich Fair is not an insured under the Atain Policy;

(c) Find and declare that Atain has no obligation to defend or indemnify Sandwich Fair in connection with the *Oldaker* Lawsuit;

(d) Grant such other and further relief as it deems just and proper.

Dated: July 29, 2019

Respectfully submitted:

**ATAIN SPECIALTY INSURANCE COMPANY**

*/s/ David T. Brown*
One of its Attorneys

David T. Brown (ARDC #6277185)
Jamie L. Hull (ARDC #6273814)
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
T: (312) 759-1400
F: (312) 759-0402
E: dbrown@kdvlaw.com
E: jhull@kdvlaw.com

4824-6918-5433, v. 1