IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Atain Specialty Insurance Company, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 19 CV 5120 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| The Sandwich Fair Association, Inc., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant Edward Oldaker's motion to reopen and extend the discovery schedule [64] is denied. Fact discovery remains closed.

**I. Background**

Edward Oldaker was injured on September 22, 2018 at a drag racing event held at the Sandwich Fairgrounds. Oldaker subsequently filed suit in state court against Defendants Sandwich Fair and Faltz, along with two other individuals, seeking damages for the injuries he sustained. Plaintiff Atain Specialty Insurance Company filed this declaratory judgment action against Defendants the Sandwich Fair Association, Inc. ("Sandwich Fair"), Oldaker, and Brian Faltz seeking a declaration that it has no duty to defend or indemnify Sandwich Fair and Faltz for any claims asserted in the underlying lawsuit. Dkt. 1. Plaintiff alleges that the insurance policy it issued to Defendant Faltz, for the period of September 22, 2018 to September 23, 2018, does not provide coverage because Defendant Sandwich Fair does not qualify as an insured or an additional insured and coverage is otherwise excluded because of an employer's liability exclusion, event participants exclusion, and mobile equipment exclusion.

Based upon Defendant Oldaker's request for discovery, on June 1, 2020 this Court entered the parties' proposed case management order and set a fact discovery deadline of December 31, 2020. Dkt. 31. To date, Defendants Sandwich Fair and Faltz have not filed appearances in this case or responded to the amended complaint. Counsel for Plaintiff and Defendant Oldaker have had some communications with Defendant Faltz. However, aside from appearing at the status hearing on December 10, 2020, Defendant Faltz has not participated in this case.

At the status hearing on December 10, 2020, this Court granted Defendant Faltz until January 7, 2021 to retain counsel and respond to the amended complaint. Dkt. 55. Counsel for Defendant Oldaker informed the Court that he planned to depose two individuals, namely the claims examiner that signed Plaintiff's written discovery answers and Defendant Faltz, whose

deposition was tentatively scheduled for January 12, 2021. Accordingly, this Court extended the fact discovery deadline to February 26, 2021.

On February 24, 2021, Plaintiff filed motions for entries of default against Defendants Sandwich Fair and Faltz for failing to plead or otherwise defend. Dkts. 61-62.[1] On February 26, 2021, this Court held a status hearing, and Defendant Faltz failed to appear. To date, Defendant Faltz has neither retained counsel nor filed a response. At the status hearing, Defendant Oldaker informed the Court that he still needed to complete three depositions. This Court stated that fact discovery was now closed, noting that no motion for an extension of the discovery deadline had been filed. Following the status hearing with the Court, Defendant Oldaker filed the instant motion to reopen and extend fact discovery. Dkt. 64. Plaintiff objects to the motion. Dkt. 66.

## II. Discussion

This Court entered a scheduling order for discovery in this case as required by Federal Rule of Civil Procedure 16(b)(1). Accordingly, Rule 16(b)(4) provides that this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary consideration when making a good-cause determination is the diligence of the party seeking to extend the deadline." *Experience Based Learning, Inc. v. Hanover Ins. Co.*, No. 17 CV 05133, 2019 WL 2576390, at *5 (N.D. Ill. June 24, 2019) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Id.* (citation omitted). The movant bears the burden to establish its diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life*, 424 F.3d 542, 553 (7th Cir. 2005).

Defendant Oldaker has not shown diligence in seeking to extend the fact discovery deadline. On February 26, 2021, the day fact discovery was set to close, Defendant Oldaker filed a motion asking for more time to complete the depositions of Defendant Faltz, the claims examiner that signed Plaintiff's written discovery answers, and an insurance broker from Burns & Wilcox that sold Defendant Faltz his policy. Dkt. 64. Defendant Oldaker offers only one explanation for not completing the depositions before fact discovery closed. He postponed scheduling depositions until Defendant Faltz secured counsel. Dkt. 64 at 2.

Although Defendant Faltz was given time to obtain counsel, this only explains the initial delay in finalizing the date to depose Defendant Faltz. Defendant Oldaker offers no explanation for why he needed to wait before deposing the claims examiner or the insurance broker. Even before Defendant Faltz was given time to obtain counsel, Defendant Oldaker makes no mention of any attempt to even schedule these two depositions before the fact discovery deadline.

Even if it was reasonable to wait for Defendant Faltz to obtain counsel before scheduling or proceeding with any depositions, Defendant Oldaker has not shown he was diligent in his efforts to complete discovery on time or request an extension. The deadline for Defendant Faltz to obtain counsel expired on January 7, 2021. Defendant Oldaker should have determined soon thereafter if Defendant Faltz was obtaining counsel or proceeding *pro se* for his deposition. This gave Defendant Oldaker nearly two months to complete any necessary depositions. Defendant Oldaker

---

[1] Defendants were given until March 15, 2021 to respond to Plaintiff's motions. Dkt. 67.

offers no explanation for why Defendant Faltz's deposition did not proceed on the tentatively scheduled date of January 12, 2021 or why he failed to notice the depositions of the two representatives. If there was a delay resulting from Defendant Faltz's attempts to obtain counsel after the deadline or other unavailability of the deponents, Defendant Oldaker should have filed a motion for an extension of time well before February 26, 2021. Diligent counsel would have brought any issue to the Court's attention shortly after Defendant Faltz failed to retain counsel by the deadline provided. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to comply with a deadline, they are playing with fire."). Even the parties' proposed case management order, which was signed by Defendant Oldaker's counsel, warns that the discovery dates "will not be amended absent a showing of good cause" and that motions for extension of time should be brought "as soon as possible." Dkt. 30.

Defendant Oldaker's motion does not provide any other arguments to establish good cause under Rule 16(b)(4). As Plaintiff points out, this is not a case where new developments in discovery delayed the identification of the deponents at issue. Defendant Oldaker knew early on that he would likely depose these individuals. As early as May 2020, Defendant Oldaker expressed his intention to take two depositions in this case. Dkt. 25. On July 1, 2020, Defendant Oldaker's served his initial disclosures and identified Defendant Faltz and representatives from Plaintiff and Burns & Wilcox as individuals with discoverable information. Dkt. 66-2. Furthermore, on August 4, 2020 Plaintiff served its answers to written discovery, which were attested to by the claims examiner Defendant Oldaker seeks to depose.

Although Defendant Oldaker's motion fails because he has not met his burden of establishing diligence, this Court is not convinced that Defendant Oldaker could proceed with the three depositions he seeks even if it extended the discovery deadline. Federal Rule of Civil Procedure 26(b)(1) provides that a party may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Defendant Oldaker provides little to support the relevance of these depositions. He states generally that Plaintiff may have prior knowledge of the character of the event and Defendant Faltz may have been aware of exclusions or provided an opportunity to purchase additional coverage.

Plaintiff argues that extrinsic evidence, including an insured's reasonable expectations of coverage, is generally not permitted to determine the scope of coverage and therefore the depositions are unnecessary. This argument is well taken because "an insurance policy is construed according to the plain and ordinary meaning of its unambiguous terms." *Essex Ins. Co. v. RHO Chem. Co., Inc.*, 145 F. Supp. 3d 780, 788 (N.D. Ill. 2015) (citation omitted); *see also Nautilus Ins. Co. v. Squaw Bar, Inc.*, No. 10 C 4132, 2012 WL 1068767, at *3 (N.D. Ill. Mar. 29, 2012) ("Illinois courts have rejected requests to apply the 'reasonable expectations' doctrine."). Defendant Oldaker has made no attempt to explain why the policy at issue would require such extrinsic evidence or how these depositions are otherwise relevant to the claims and defenses at issue.

### III. Conclusion

For the forgoing reasons, Defendant Oldaker has failed to establish good cause to extend the fact discovery deadline. Therefore, Defendant Oldaker's motion to reopen and extend the discovery schedule is denied.

Date: March 11, 2021        By: _/s/ Lisa A. Jensen_
Lisa A. Jensen
United States Magistrate Judge